**THE SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
Telephone No: (949) 240-8595
Facsimile No: (949) 240-8515
jps@spencerlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEART SAVERS, LLC and DOES 1 through 100 inclusive,<br><br>Defendants<br>_____ | ) **Case No SACV 15-01139-JVS(ASx)**<br>)<br>) **CLASS ACTION**<br>)<br>) **MOTION FOR APPROVAL OF**<br>) **INDIVIDUAL SETTLEMENT and**<br>) **DECLARATION OF JEFFREY**<br>) **SPENCER**<br>)<br>)<br>) Date: January 29, 2018<br>) Time: 1:30 p.m.<br>) Dept. Courtroom 10C |

**TO THE COURT, ALL PARTES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff hereby files a Motion for Approval of Individual Settlement.

Dated: December 28, 2017          THE SPENCER LAW FIRM

                           By: /s/ Jeffrey Spencer_____
                              Jeffrey Spencer
                              Attorney for Plaintiffs

-1-
**MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed a proposed class action against Heart Savers LLC for violations of the Telephone Consumer Protection Act for violations of 47 USC § 227 (b) (1) which prohibits any person from making a call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) "to any telephone number assigned to a …. cellular telephone service. Plaintiff alleged that Defendants made calls in violation of the TCPA to numerous persons in order to solicit customers to obtain heart scans at Defendants business located in Irvine, California.

Plaintiff received a call from Defendant's agent that violated the TCPA. On April 15, 2015 at approximately 10:51 a.m., one of Defendant's agents called Plaintiff on his cell phone. When Plaintiff answered the phone, he heard a prerecorded artificial or human voice stating that the call was being made on behalf of an "imaging and scanning center" offering free heart imaging for single women and married couples 45-72. The recorded message asked Plaintiff to leave his name and phone number at the end of the message and a nurse would call him back to confirm his eligibility. Plaintiff left his name and number.

On April 18, 2015, 11:21 a.m. a man, who identified himself as Everett Clark, called Plaintiff on his cellular phone number. He stated he was calling on behalf of the same imaging center, which he identified as being located in Irvine, California. He reiterated that the center was offering Plaintiff and his wife a free heart scan. He said further information would be sent to Plaintiff.

On April 28, 2015, at approximately 10:41 a.m., Everett Clark called again with caller ID showing his number as 407-507-3868, which corresponds to Orlando, Florida. He apologized for a delay in getting the further information to Plaintiff and emailed it to Plaintiff. The further information was a brochure confirming that the original call was made on behalf of "Heartsavers, 4050 Barranca Parkway, Suite 170, Irvine, CA 92604.

At no time prior to his receipt of the first recorded voice phone call described above did Plaintiff give his consent to Defendant or anyone acting on behalf of Defendant to call him on his cell phone (or any other phone).

Unbeknownst to Plaintiff, the Amini v. Hearts Savers, LLC, SACV 15-916 JVS(ASx) proposed class action was filed shortly before he filed this action. The *Wilens* and *Amini* actions were consolidated. After conducting discovery, the *Amini* and *Wilens* plaintiffs engaged in a mediation before the Honorable David Velasquez (Ret.) on April 16, 2016. At the mediation the Defendant represented that it was barely a viable business and that it lacked sufficient assets to pay for a class settlement. The case did not settle at the mediation. Shortly thereafter, the *Amini*

-3-
**MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT**

plaintiffs settled their case on an individual basis for $6,000. Plaintiff continued to engage in informal efforts to settle the case, but due to Defendant's claimed lack of assets a class settlement could not be reached.

Thereafter, Plaintiff conducted additional discovery and filed a Motion for Class Certification. On October 17, 2016 the Court granted class certification of a class of all persons residing in the United States whose cellular phone received a phone call between June 17, 2011 and September 6, 2016 from Defendant or its agents and which phone call used an artificial or prerecorded voice. (Docket 36)

After class certification, Defendant claimed it did not have a list of the class members and the list would have to be created by extracting the class members' contact information from six bankers boxes of client intake forms. Defendant further argued it lacked the funds to create the class list. Plaintiff's Motion to Compel Defendant to produce the class list was denied and Plaintiff compiled the class list at considerable time and expense. The process of compiling the class list was much more difficult and time consuming than anticipated. Plaintiff was able to obtain the contact information of 3,286 class members. Plaintiff was able to obtain email addresses for 624 of the class members.

Thereafter Plaintiff served Class Notice on the class members. The case was set for trial on November 14, 2017. (Docket 25).

As the trial date was approaching the parties continued with the settlement negotiations. Defendant continued to assert that it was not viable and lacked funds

-4-
**MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT**

to satisfy a class settlement or even an individual settlement. Defendant agreed to provide evidence of its lack of assets. Plaintiff agreed to an individual settlement for $10,000.00 which is all the money Defendant claims it can pay in settlement. Plaintiff believes that it would not be in the best interest of the class to seek a class wide judgment that would be binding on the class members, since there is no money available to satisfy their claims for damages.

Plaintiff has expended significant time and expenses in the prosecution of the case. Plaintiff's attorney's fees to date exceed $128,000 and his costs including mediation and class notice exceed $5,000.

The parties advised the Court of the settlement and the Court took the trial off calendar. The Settlement Agreement is attached hereto as Exhibit 1. (Spencer Declaration ¶1Ex. 1). The Declaration of the Defendant attesting to its lack of assets is attached hereto as Exhibit 2. (Spencer Declaration ¶2 Ex. 2).

## II.

## GOOD CAUSE EXISTS TO APPROVE THE SETTLEMENT

After years of litigation, Defendant has presented evidence that it lacks sufficient assets to pay a settlement of greater than $10,000. Defendant has represented that it had to obtain a loan to come up with the $10,000 settlement amount. (Spencer Declaration ¶2 Ex. 2).

In light of Defendant's lack of assets, Plaintiff believes that an individual settlement is the only way to protect the interests of the approximately 3,286 class

members. The funds Defendant has been able to obtain are obviously inadequate to satisfy any of the damages of the class members. The TCPA provides for statutory damages of $500 per illegal call. After reimbursement of Plaintiff's mediation costs, and the cost of the class notice that was provided, the settlement proceeds are largely exhausted. Providing notice of a class settlement or class judgment will extinguish the settlement fund further leaving no money to be distributed to the class members.

It would not be fair to the class to bind the class members to a class settlement and release of claims that would provide them with no consideration. For that reason the settlement does not release any of the claims of the class members and they are free to pursue their own claims against the Defendant. (Spencer Declaration ¶1 Ex. 1). An additional benefit of the settlement is that the claims of the class members have been tolled during the pendency of the class action so they will not be prejudiced by the settlement.

Plaintiff proposes giving notice of the settlement through publication on counsel's webpage on the same link currently dedicated to providing information regarding the Heart Savers litigation which was provided to the class members in the Class Notice and via email to the class members on the class list with email addresses and U.S. Mail to the class members on the class list who do not have email addresses.

Plaintiff proposes the following Notice to the class members regarding the

individual settlement:

> Please be advised that the <u>Wilens v. Heart Savers</u> action U.S. District Court for the Central District of California Case No SACV 15- 01139-JVS(ASx) has settled on an individual basis for $10,000. Since the case has settled on an individual basis, no compensation will be paid to the class members. However, the class members retain all of their rights to pursue their own actions against Heart Savers LLC for the violations of the Telephone Consumer Protection Act claims alleged in the action. The statue of limitations has been tolled during the pendency of the action. If you intend to pursue legal action, you should act promptly to obtain legal counsel to preserve your rights.

## III.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff respectfully requests the Court to approve the individual settlement in this action.

Dated: December 28, 2017     THE SPENCER LAW FIRM

By: /s/ Jeffrey Spencer_____
      Jeffrey Spencer
      Attorney for Plaintiffs

## DECLARATION OF JEFFREY SPENCER

I, Jeffrey Spencer declare and state that I am the principal of the Spencer Law Firm and an attorney of record in this action. I am over 18 years of age and I am competent. As an attorney of record on this matter, I am familiar with the contents of my clients file and I could and would if called upon to do so, competently testify as follows:

1. The Settlement Agreement by the parties is attached hereto as Exhibit 1.

2. The Declaration of Mehrnaz Fallah is attached hereto as Exhibit 2.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California and the United States. Executed on December 28, 2017 in San Clemente, California.

\_/S/ Jeffrey Spencer\_\_\_\_\_
Jeffrey Spencer, Esq., Declarant

-8-
**MOTION FOR APPROVAL OF INDIVIDUAL SETTLEMENT**

# EXHIBIT NO. 1

# EXHIBIT NO. 1

**THE SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
Telephone No: (949) 240-8595
Facsimile No: (949) 240-8515
jps@spencerlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>    Plaintiffs,<br>vs.<br><br>HEART SAVERS, LLC and DOES 1 through 100 inclusive,<br><br>    Defendants | Case No SACV 15-01139-JVS(ASx)<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION AND SETTLEMENT AGREEMENT** |

IT IS HEREBY STIPULATED AND AGREED by and between Defendant HEART SAVERS LLC., (hereinafter referred to to as "Defendant") on the one hand, and Plaintiff JEFFREY WILENS, (hereinafter referred to as "Plaintiff") on the other hand (hereafter collectively referred to as the "Parties"), to settle the Wilens v. Heart Savers LLC action on the following terms.

## **HISTORY OF THE CASE**

Plaintiff sued Heart Savers LLC as a putative class action for violations of the

-5-
SETTLEMENT AGREEMENT

Telephone Consumer Protection Act 47 USC §227 (TCPA). The parties participated in a mediation before the Honorable David C. Velazquez on April 16, 2016 but were unable to reach a settlement. Thereafter, Plaintiff filed a Motion for Class Certification and the Court granted class certification certifying a class consisting of: of all persons residing in the United States whose cellular phone received a phone call between June 17, 2011 and September 6, 2016 from Defendant or its agents and which phone call used an artificial or prerecorded voice. There are in excess of 3,000 class members.

Thereafter, Plaintiff served Class Notice on the Class Members. Throughout the litigation Defendant has consistently represented that it was a barely viable business entity and did not have sufficient assets to satisfy a class settlement or even an individual settlement. Due to Defendant's financial condition the Parties agree that the only way to resolve this litigation is though an individual settlement for $10,000 which is all the money Defendant claims it can pay in settlement. Plaintiff represents he has expended significant time and expenses in the prosecution of the case. Plaintiff represents his counsel's attorney's fees to date exceed $128,000 and his costs including mediation and class notice exceed $5,000.

Plaintiff believes that it would not be in the best interest of the class to seek a classwide judgment that would be binding on the class members, since there is no money available to satisfy their claims for damages.

In light of these factors, the Parties agree to an individual settlement of

Plaintiff's claims only that will not include the claims of the class members and will not release the claims of the class members on the following terms.

## SUMMARY OF SETTLEMENT TERMS

1. <u>Settlement Consideration:</u>

Under the terms of the Settlement, Defendant will pay Plaintiff and his counsel $10,000 to settle Plaintiff's individual claims on an individual basis.

Defendant will deliver the $10,000 settlement consideration to Plaintiff's Counsel Jeffrey Spencer within ten (10) days from the date this Settlement Agreement is executed by the Parties. Plaintiff's counsel will hold the $10,000.00 in his trust account pending approval of the Court of this settlement. If Defendant fails to deliver the settlement consideration within that time period, the settlement will be nullified.

In the event the Court does not approve the settlement, Plaintiff and Plaintiff's Counsel will return the settlement consideration to the Defendant.

2. <u>Release:</u>

    A.    PLAINTIFF:

Under the terms of the settlement agreement, upon receipt of the settlement consideration and approval by the Court, Plaintiff will release Defendant from all claims, losses, damages, causes of action, and/or any and all liabilities, known or unknown, asserted or unasserted, liquidated or unliquidated, in any manner, arising

out of or related to the action.

1. <u>WAIVER OF SECTION 1542</u>: With respect to the release described above, Plaintiff hereby expressly waives any right that he has under Section 1542 of the California Civil Code as to unknown or unsuspected claims, and acknowledges that he has read and understood the following statutory language of Section 1542 of the California Civil Code:

"A General Release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff understand and acknowledge the significance and consequences of such specific waiver of Section 1542 of the California Civil Code, and hereby assumes full responsibility for his own injuries damages losses or liability that may hereafter occur.

B. <u>CLASS MEMBERS:</u>

The claims of the Class Members will not be released, and they are free to pursue any claims they have against the Defendant including, but not limited to the claims alleged in this action.

3. <u>Nullification</u>

If the Court for any reason does not approve this Settlement, this Agreement

-5-
**SETTLEMENT AGREEMENT**

shall be considered null and void and all parties to this Settlement shall stand in the same position, without prejudice, as if the Settlement had been neither entered into nor filed with the Court. Moreover, in the event the Court does not approve this Settlement, Defendant will not be deemed to have waived, limited, or affected in any way any of its objections, or defenses in this Action. Invalidation of any material portion of this Settlement shall invalidate this Settlement in its entirety unless the Parties agree in writing that the remaining provisions shall remain in full force and effect.

**PLAINTIFF**

Date: November 28, 2017       */s/ Jeffrey Wilens*
                              JEFFREY WILENS

**DEFENDANT**

Date: 11/28/17                */s/ Mehran Fallh*
                              Heart Savers LLC

-5-
**SETTLEMENT AGREEMENT**

# EXHIBIT NO. 2

J. Russell Tyler, Jr. (State Bar No. 126458)
Email: jrt@jrtylerlaw.com
**J R TYLER LAW**
2102 Business Center Drive, Suite 130
Irvine, California 92612
Telephone: (949) 253-4628
Facsimile: (949) 253-4638


Attorneys for Defendant Heart
Savers, LLC


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>HEART SAVERS, LLC,<br><br>        Defendant. | CASE NO. 15-cv-1139-JVS (ASx)<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MEHRNAZ FALLAH RE: SETTLEMENT** |



FALLAH DECLARATION RE SETTLEMENT

I, Mehrnaz Fallah, Jr., declare as follows:

1. I am the owner of Heart Savers, LLC ("Heart Savers"), the Defendant in the above action. I have personal knowledge of the facts described below, and if called, I could and would competently testify thereto.

2. Heart Savers performs CT scans of hearts and lungs, full body scans and colonographies (as opposed to the invasive colonoscopies that use a scope.) Heart Savers currently employs only one receptionist/office worker, and two part time technicians that perform the scans. I used to have another part time office worker but he is no longer available to work for Heart Savers. Heart Savers is open for business only four days a week: Wednesday through Saturday, 9:00 a.m. to 5:00 p.m.

3. Heart Savers is not making a profit. It realizes barely enough to pay its employees, the lease and its lender. In order to settle the case filed by Jeffrey Wilens, a loan of $10,000.00 was obtained. That is all that could be found. At present, filing bankruptcy would be Heart Savers's only other option.

I declare under penalty under of perjury under the laws of the State of California and of the United States that foregoing is true and correct and that this declaration was executed on November 27, 2017.

_Mehrnaz Fallah_
Mehrnaz Fallah



3
FALLAH DECLARATION RE SETTLEMENT